By the Court.—Sedgwick, J.
The learned judge on the trial, gave final effect to the accounting between the trustee defendant Hauselt, and defendant Ranche. I tahe it, he was led to this result not because the plaintiff was not entitled to open the discharge given by Ranche, but because the burden of proof being, as he considered, upon the plaintiff to give cause for opening it, he had failed to satisfy the judge’s mind by a preponderance of evidence. Indeed, the mass of plaintiff’s evidence on this point was remarhably vague, obscure and tangled. So far as the case is affected by the testimony as to the specific dealings between defendant Hauselt and the firm, the plaintiff gives no satisfactory evidence upon which an account between them *474 could be made. The defendant Hauselt, however, testified to what, in absence of explanation by proof of other facts, would show that whatever were the specific dealings between him and the firm, he did not owe him three thousand dollars. He presented his own ledger, and said it showed the indebtedness. But the balance against the firm was made by charging it with a debt due by an individual partner Bancke, in the amount of five thousand dollars and interest incurred before the firm was formed. The basis for this being done, was that at a former time Bancke, to secure his individual debt, had given his own notes with the firm name, indorsed by himself. In the leading case of Dob v. Halsey, 16 Johns. 38, Justice Spencer said that the law in this State requires ‘ ‘ the separate creditor, who has obtained the partnership paper for the private debts of one of the partners, to show the assent of the whole firm to be bound while in England the burden of avoiding the security is upon the firm. .
In the present case the circumstances were at least suspicious, and the plaintiff testified without proof or intimation to the contrary, that he never knew of the indorsement. If, then, all the statements of the account that. might be made upon the testimony for plaintiffs be disregarded it will appear that at the time the defendant Bancke gave the receipt in discharge of defendant Hauselt, the amount of indebtedness given in the accompanying statement as three thousand dollars was greater than it should be. As the testimony stands, I do not think justice can be done on this, appeal by modifying the judgment. Additional evidence may affect the merits. As to one point I am particularly in doubt. By the evidence of Bancke, it appears that in the transaction, as stated by him, of the wire gauze, a note of one thousand dollars of the firm was given up by Hauselt. The evidence *475 does not show whether that was due besides the note of the firm, for one thousand dollars dated August 12, 1873.
I am of opinion, that although, as matter of evidence, the statement made by Hauselt, and the receipt thereupon by Rancke, was prima facie evidence against the firm, yet upon it appearing that the item of three thousand dollars was incorrect for the reason stated, the settlement was not such that the plaintiff was called upon to falsify it by particular allegations of mistake or fraud. It would be binding upon the plaintiff as a settlement on the ground that in it Rancke represented the firm, from his authority as partner. This authority would, however, be negatived upon proof that the settlement comprised individual transactions, which both Rancke and Hauselt knew should not enter into firm accounts. Thereupon the defendant Hauselt is held to his prime obligation to account for the proceeds of the trust property.
At the best for the defendant Hauselt, if it is granted that the proof shows that the individual indebtedness of Rancke was at one time secured by mortgage of his property, part of which was put in as his share of the capital stock of the firm, Rancke could never pay his individual debt wholly out of property of the firm, not included in the mortgage.
The transaction of the wire gauze did not remain in such a state that the rights of Hauselt were those of pledgee, and therefore that he was not responsible as pledgee under his liability as trustee. At least, the present evidence shows that the proceeds of the gauze had been taken by general consent into the account with Hauselt, before the trust was created, and the result was an increase of the assets of the firm, or a reduction of its indebtedness to Hauselt.
Under the facts of the case, I think Hiere was an *476 implied promise that Hauselt should be compensated for his services in the execution of the trust.
Judgment reversed and new trial ordered.
Speir, J., concurred.